# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW GONZALES, | Case No. SACV 11-0645-SVW (JEM) |
| Petitioner, | |
| v. | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| ORANGE COUNTY SUPERIOR COURT, | |
| Respondent. | |

On April 26, 2011, Andrew Gonzales ("Petitioner"), a prisoner in state custody proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"). The Petition contains a single claim – that a $10,000 restitution fine imposed by the trial court should be stricken because there is insufficient evidence of Petitioner's ability to pay. (See Petition at 3-4, 8-9, 11, 19.)

**DISCUSSION**

**I.  Duty to Screen**

This Court has a duty to screen habeas corpus petitions. See Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes. Rule 4 requires a district court to examine a habeas corpus petition, and if it plainly appears from the face of the petition and any annexed exhibits that the petitioner is not entitled to relief,

the judge shall make an order for summary dismissal of the petition.  Id.; see also Local Rule 72-3.2.

## II. The Petition Fails to State a Cognizable Claim

The Petition contains a single claim challenging the trial court's imposition of a $10,000 restitution fine.  (See Petition at 3-4, 8-9, 11, 19.)  This claim is not cognizable on federal habeas review.  A federal court may entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The Ninth Circuit has held that "§ 2254(a) does not confer jurisdiction over a state prisoner's in-custody challenge to a restitution order imposed as part of a criminal sentence."  Bailey v. Hill, 599 F.3d 976, 981-82 (9th Cir. 2010); see also United States v. Thiele, 314 F.3d 399, 400 (9th Cir. 2002) (claim challenging a restitution fine is not cognizable basis for habeas relief because such claims do not challenge the validity or duration of confinement); United States v. Kramer, 195 F.3d 1129, 1130 (9th Cir. 1999) (same); Williamson v. Gregoire, 151 F.3d 1180, 1183 (9th Cir. 1998) (imposition of fine is "merely a collateral consequence of conviction" and, as such, is not sufficient to establish federal habeas jurisdiction).

Thus, Petitioner's challenge to the restitution order is not cognizable on federal habeas review because it is not a claim that he is in custody in violation of federal law.  Because amendment would be futile, the Petition should be dismissed with prejudice.[1]

---

[1] It is also apparent from the face of the Petition and a review of the public docket that Petitioner's claim has not been adjudicated by the California Supreme Court.  (See Petition at 3; see also http://appellatecases.courtinfo.ca.gov.)  Thus, the Petition also would be subject to immediate dismissal without prejudice because it is wholly unexhausted.  See Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001); Stone v. City and County of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992).  Petitioner also has failed to name a proper respondent.  The proper respondent is the warden of the state prison where Petitioner is incarcerated or, if he has been released, his parole or probation officer.  See 28 U.S.C. § 2242; see also Rumsfeld v. Padilla, 542 U.S. 426, 436 (2004); Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and the Advisory Committee Notes thereto.  Failure to name the correct respondent destroys personal jurisdiction.  See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).  The Court

**ORDER**

ACCORDINGLY, IT IS HEREBY ORDERED that the Petition be DISMISSED with prejudice.

DATED: May 4, 2011

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

---

need not rest its dismissal order on these grounds, however, because the Petition is subject to dismissal with prejudice for failure to state a claim that is cognizable on federal habeas review.